GEORGE HARMON

*v.*

PENINA HARMON, Administratrix of the estate of Absalom Harmon, deceased.

1. VOLUNTARY CONVEYANCE—*who may avoid it.* In the absence of intention to defraud creditors, a voluntary bill of sale of personal property is binding as well upon the representatives of the person making it, after his death, as upon himself in his lifetime.

2. FRAUDULENT CONVEYANCE—*who may question it.* As between the parties to a fraudulent conveyance the deed is valid and binding. It is only creditors who can question the fairness of the transaction.

APPEAL from the Circuit Court of Randolph county; the Hon. SILAS L. BRYAN, Judge, presiding.

This was an action of trover, brought by the appellee in her representative capacity as administratrix of the estate of Absalom Harmon, deceased, against appellant, for the conversion of certain articles of personal property alleged to have belonged to the deceased.

The plaintiff below proved that the articles once belonged to the deceased, who was her husband, before their separation, and its value, and her demand of the defendant below, and his refusal to deliver, and rested her case.

The defendant then proved the execution of a bill of sale of the articles to him by the deceased after his wife had left him, but failed to show the payment of the consideration named therein, or any other consideration.

Plaintiff then proved by several witnesses that deceased exercised acts of ownership over some of the property, it being at defendant's, where deceased resided after the date of such sale bill and up to a time shortly before his death. Defendant showed that he had possession of the property, but suffered the deceased to use the same and his other property the same as he did his other sons residing with him.

The jury returned a verdict of $500 for the plaintiff. The court overruled a motion by defendant for a new trial, and rendered judgment on the verdict, to which defendant excepted and prayed an appeal, which was granted.

Messrs. WATT, WATTS & RALLS, for the appellant.

Messrs. HARTZELL, JOHNSON & STOKER, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The points presented by this record are few and simple. It is a well settled principle that as between the parties to a fraudulent conveyance the deed is valid and binding. It is only creditors who can question the fairness of the transaction. *Ward* v. *Enders*, 29 Ill. 519. Was the party appellee

33—63D ILL.

represents in full life, he could not maintain this action, if the deed under which appellant claims was voluntary and without any consideration, and we have been referred to no principle or decided cases holding the contrary.

It is true the statute requires an executor or administrator to collect and sell the chattels of the deceased, to pay his debts. There is no pretense in this case there were existing creditors of the intestate at the time the bill of sale was executed.

In the absence of intention to defraud creditors, the bill of sale is binding as well on the representatives of the intestate as upon the intestate himself.

There is no ground for this action. A bill in equity properly framed might reach the object appellee has in view.

The judgment is reversed and the cause remanded.

*Judgment reversed.*