## GEORGE D. COLBURN ET AL.

v.

## MARK D. SHAY ET AL.

CREDITOR'S BILL — ASSIGNMENT — JURISDICTION. — A creditor's bill brought by judgment creditors to reach assets alleged to have been disposed of in fraud of creditors, where the property had been sold and the proceeds distributed before the execution of the assignment under the statute in relation to voluntary assignments. *Held,* that the circuit court had jurisdiction of the bill.

APPEAL from the Superior Court of Cook county; the Hon. GEORGE GARDNER, Judge, presiding. Opinion filed December 4, 1885.

This was a creditor's bill, brought by various judgment creditors of Mark D. Shay against said Shay and others, to reach certain assets alleged to have been disposed of by said Shay in fraud of his creditors, and to subject the same to the payment of their judgments.

The bill alleges the recovery by the complainants of six several judgments against Shay, four on the 14th day of July, 1884, and two on the 24th day of February, 1885, amounting in the aggregate to $7,511.94, the issuing of executions thereon, and a return of the same wholly unsatisfied, and that said judgments were recovered upon indebtedness incurred by Shay prior to May 1, 1884. Also that on June 2, 1884, said Shay, being insolvent at the time, confessed four judgments in favor of four of the defendants, amounting in the aggregate to $24,700; that Shay and the parties in whose favor said judgments were confessed, caused executions to be issued thereon immediately, and levied upon a stock of merchandise belonging to Shay, and caused said merchandise to be sold by the sheriff on the 21st day of June, 1884, for the sum of $15,-727.78, over and above the costs of sale, and that said money was distributed and paid over by the sheriff to the plaintiffs in said executions in part satisfaction thereof.

The bill further alleges that on said 2d day of June, 1884,

said Shay transferred and delivered to two other of the defendants, for the benefit of said four judgment creditors, certain notes and accounts, amounting to $8,000, of which they had collected $5,000 and paid the same over to said judgment creditors ; that said judgments were confessed and said notes and accounts transferred without any good or valuable consideration, said Shay not being then indebted to the plaintiffs in said judgments, but that said judgments were so confessed, said executions issued, said sale made and said notes and accounts transferred for the purpose of hindering and delaying the complainants in the collection of their said debts, and of concealing the assets of said Shay, and that said judgments were fraudulent and void as against the rights of the complainants. The bill prays that said judgments and transfer of said notes and accounts be declared fraudulent and void as against the rights of the complainants, and that the defendants be directed to pay over the moneys so received by them respectively, and for a receiver.

The answers admit the recovery of said four judgments by confession, the executions, levies and sale thereunder, and the transfer by said Shay of said notes and accounts, but aver that said merchandise was bought in at said execution sale by two of the defendants, as trustees for themselves and the other defendants. They also admit the receipt of $3,000, collected on said notes and accounts. The answers deny that said judgments were fraudulent, or that they were confessed, or said notes and accounts transferred without consideration, or for the purpose of hindering or delaying the complainants in the collection of their claims, but that said judgments were for divers items of indebtedness justly and in good faith due and owing by said Shay.

Replications were filed, and the cause afterward came on for hearing on pleading and proofs, and at said hearing the complainants introduced evidence tending to support the allegations of their bill, and the defendants also introduced evidence tending to support the allegations of their answers. Among other things the defendants were permitted to read in evidence, against the objections of the complainants, a cer-

Colburn v. Shay.

tain deed of assignment, dated July 9, 1884, executed by said Shay under the provisions of the act concerning voluntary assignments, approved May 22, 1877, by which he assigned and transferred all his property and estate to one Richard N. Stebbins for the benefit of his creditors.

The court thereupon, as appears from the certificate of evidence, refused to fully hear and consider the evidence in the case, because it was of the opinion that, by reason of said assignment, it had no jurisdiction of the subject-matter of the suit. A decree was accordingly entered, finding that, after said execution sale and after said transfer of the notes and accounts, Shay executed said assignment to Stebbins in conformity with the statute. The decree then, after reciting that the court was of opinion that, by reason of said assignment, it had no jurisdiction to proceed to the final hearing of the cause, ordered that the bill be dismissed at the cost of the complainants, for want of jurisdiction of the subject-matter thereof, without prejudice, etc.

From this decree the complainants have appealed to this court, and assigned for error the refusal of the court to hear the cause upon the merits, and the dismissal of the bill for want of jurisdiction.

Messrs. Trumbull, Washburn & Robbins, for appellants; cited O'Hara v. Jones, 46 Ill. 292; Hardin v. Osborne, 94 Ill. 575; Willis v. Henderson, 4 Scammon 13; Choteau v. Jones, 11 Ill. 319; Lund v. Skanes, 96 Ill. 183; Brownell v. Curtis, 10 Paige, 218; Storm v. Davenport, 1 Sandf. Ch. 135; Leach v. Kelsey, 7 Barb. 470; Estabrook v. Messersmith, 18 Wis. 551; Flower v. Cornish, 25 Minn. 473; Van Dyke v. Christ, 7 S. & R. 374; Wakeman v. Burrows, 41 Mich. 363; Mark's Appeal, 85 Pa. St. 233; Heinrichs v. Wood, 7 Mo. App. 236; Stewart v. Platt, 101 U. S. 736; Laws of New York, 1858, Ch. 314, § 1; Laws of Indiana, 1859, § 15; Laws of Maryland, 1854, Ch. 193 § 7; Laws of Minn., 1877, Ch. 142, § 1; Laws of Michigan, 1879, § 3.

The right to file this bill did not, by the assignment, vest in the assignee: Phelps v. Curts, 80 Ill. 118; Porter v. Doug-

lass, 27 Miss. 396 ; Strong v. Goldman, 8 Biss. 554 ; Eames v. Mayo, 6 Bradwell, 338; Hahn v. Salmon, 20 Fed. Rep. 801.

Mr. WILLIAM J. MANNING and Mr. PERCY V. CASTLE, for appellees, cited Freydendall v. Baldwin, 103 Ill. 325.

BAILEY, J.   The only question presented by this appeal is whether the court below had jurisdiction of the subject-matter of the suit.   The complainants, who are judgment creditors of Mark D. Shay, seek by their bill to reach certain assets which, as they allege, have been fraudulently transferred by Shay to the defendants, and subject the same to the payment of their judgments.   These assets consist of the proceeds of a stock of merchandise sold by the defendants under execution, and of moneys collected on certain notes and accounts placed by Shay in the hands of trustees to be applied on the defendants' judgments, it being alleged that said judgments were fraudulent and without consideration, and were confessed for the mere purpose of hindering and delaying the complainants in the collection of their debts, and of fraudulently placing Shay's property beyond the reach of his creditors.   It will thus be seen that, upon the face of the bill, the case is one which is peculiarly within the jurisdiction of a court of chancery.

It is insisted, however, and the court seems to have held, that the mere production upon the hearing, of a general assignment by Shay for the benefit of his creditors, though executed subsequently to the consummation of the fraudulent transfer of property complained of, with proof of the acceptance by the assignee of the trust, ousted the court of chancery of all jurisdiction and necessitated a dismissal of the bill on that ground.   It is claimed that this necessarily results from the rule that, by the assignment, the exclusive jurisdiction over the property thereby conveyed to the assignee was vested by law in the county court.

The rule seems to be well settled, that the jurisdiction of the county court over an assignee, and over the fund placed

in his hands by the assignment, is exclusive ; but the question arises whether property fraudulently disposed of by the debtor, prior to the assignment, passes to the assignee, so as to come within the jurisdiction of the county court. This must depend upon the construction to be placed upon provisions of the statute in relation to voluntary assignments.

The first section of the statute requires that the debtor, on executing an assignment, shall annex thereto an inventory, under oath, of his estate, real and personal, according to his best knowledge, and also a list of his creditors, etc., and the amount of their respective demands ; and it is provided that such inventory shall not be conclusive as to the amount of the debtor's estate, but that the assignment shall vest in the assignee the title " to any other property, not exempt by law, belonging to the debtor at the time of making the assignment, and comprehended within the general terms of the same."

The eleventh section provides that the assignee, " shall have as full power and authority to dispose of all estate, real and personal, assigned, as the debtor had at the time of the assignment, and to sue for and recover, in the name of such assignee, everything belonging or appertaining to said estate, real or personal, and generally, to act and do whatsoever said debtor might have done in the premises."

It seems too clear to admit of controversy, that a voluntary assignment, executed in accordance with the provisions of this statute, passes to the assignee the estate, real and personal, belonging to the debtor at the time of its execution, and nothing more. The assignment is voluntary and is so denominated in the statute, and as such it is the mere act of the debtor ; and as a legal consequence it passes only that over which the debtor, at the time, has the power of disposition.

Nor does the statute, in any of its provisions, assume to deal with anything beyond that. The first section provides that the assignment shall vest in the assignee the title to all the property of the debtor, not exempt from execution, *belonging to him at the time of its execution*, if comprehended within the general terms of the assignment, notwithstanding the

omission of a part of it from the inventory; but no attempt is made to include property already disposed of by the debtor, although such disposition, by reason of fraud, may, as to creditors, be voidable, so as to leave the property still within their reach and subject to their debts.

The power given to the assignee, by the eleventh section, is declared to be *the same that the debtor had at the time of the assignment*, and farther on, so that no doubt might arise from any general language employed, it is again declared that the assignee shall have power, generally, to act 'and do *whatever the debtor might have done in the premises.*

It is clear that, at the time of the execution of the assignment, Shay, the debtor, had no power of disposition over the property sought to be reached by the bill, as that had already been applied to the satisfaction of the defendant's judgments against him. Whatever may have been the fact, he was estopped by said judgments from alleging that the indebtedness represented thereby was not legally and justly owing from him to the defendants, and if there was any fraud in their recovery to which he was a party—and that is the theory of the bill—no rule of law is better settled than that which precluded him from setting up or taking advantage of such fraud. Harmon v. Harmon, 63 Ill. 512; Ward v. Enders, 29 Id. 519; Horner v. Zimmerman, 45 Id. 14; Choteau v. Jones, 11 Id. 300; Lyon v. Robbins, 46 Id. 276; Upton v. Craig, 57 Id. 257; Fitzgerald v. Forristal, 48 Id. 228; Beebe v. Saulter, 87 Id. 518; Campbell v. Whitson, 68 Id. 240; White v. Russell, 79 Id. 155; Rappleye v. International Bank, 93 Id. 396. As the property sought to be reached by the bill did not belong to Shay, and as he had no power over it at the time he executed the assignment, the conclusion seems to us to be irresistible that it did not pass to the assignee and did not constitute any part of the fund, the administration of which the county court was empowered to supervise. It thus appears that it was not brought within the jurisdiction of that court, and that the execution of the assignment constituted no obstacle whatever to the interposition of a court of equity, at the suit of creditors, to set aside a prior fraudulent disposition of

the property and apply such property to judgments in favor of such creditors.

To sustain the decree the counsel for the appellees seem to rely upon the case of Freydendall v. Baldwin, 103 Ill. 325. That was a bill in chancery, brought by judgment creditors, to set aside, as fraudulent, a voluntary assignment, made by their judgment debtors, and incidentally to set aside certain judgments against said debtors in favor of various other parties, as well as a number of conveyances of real estate made by said debtors, on the ground of fraud. It appeared that said judgments had all been recovered prior to the assignment and executions issued thereon, and that when the assignee went to take possession of the property, a deputy sheriff had made, or was about to make, a levy on the goods of the judgment debtors, under the executions in his hands; that an arrangement was thereupon made between the assignee and the sheriff, with the consent of the execution creditors, to the effect that if the county court would permit the same to be done, the assignee should take possession of and sell the goods at private sale, and pay the proceeds to the sheriff until the executions should be satisfied. This arrangement being approved by the county court, the assignee took possession of and sold the goods, and paid over the proceeds, amounting to a large sum of money, to the sheriff. At the hearing the court set aside three of the judgments as fraudulent, and dismissed the bill so far as it asked other relief.

On appeal to the appellate court, the decree, so far as it set aside said judgments, was reversed, and that part of the bill which asked relief as to them was dismissed, and in all other respects the decree of the circuit court was affirmed. The judgment of the Appellate Court was, on appeal, affirmed by the Supreme Court. The case, as decided by the appellate court, is reported as Baldwin v. Freydendall, 10 Bradwell, 106.

It appears from the report of the case as decided both by the Appellate and Supreme Courts, that the case was heard in the circuit court, on the merits, and that the bill was dismissed in part by the circuit court, and as to the residue by

the Appellate Court solely because the evidence failed to establish any title on the part of the complainants to any portion of the relief prayed for. No suggestion seems to have been made in either court that the bill should have been dismissed for want of jurisdiction.

In the opinion of the Appellate Court it is held that the rights vested in the sheriff by the levy did not pass to the assignee by the assignment, but solely by the delivery thereof to him by the sheriff with the consent of the lienholders, and that he thereby assumed a trust for their benefit which had no connection with the assignment or its duties, or the rights of the creditors thereunder, except that it was the only available means of getting control of the property assigned for the benefit of the creditors.

The Supreme Court, without noticing the point above stated or expressing any view in relation thereto, laid down the rule, in general terms, that all the property the insolvent debtors had at the time of the assignment passed to and became vested in the assignee under the statute, and should be administered by him under the supervision of the county court; that the whole management of the estates of insolvent debtors, under voluntary assignments, is committed to the jurisdiction of county courts; and that courts of chancery will not assume jurisdiction to interfere and direct how the county court shall distribute a trust fund over which it has full and complete jurisdiction by positive statute, unless under special circumstances.

If the language of the opinion of the Supreme Court should be deemed to overrule the view taken by the appellate court, as above stated, it is still very easy to see that there is a clear and wide distinction between that case and the one now before us. There, at the time the assignment was executed, the proceedings under the execution were still *in fieri*, and the execution creditors had merely perfected a prior lien on the property. Such being the case, by agreement of all the parties concerned, the property was placed in the hands of the assignee to be sold and the proceeds distributed by him. The interests of all the parties were thus by their own voluntary act and

Colburn v. Shay.

agreement, placed under the jurisdiction of the county court, to be administered by its officer and under its control. No such facts appear in the present case. Here the property had been sold and the proceeds distributed before the execution of the assignment. They had then passed irrevocably from the debtor on judgments confessed by him, so that he could not place them within the control of the county court by any act of his, and the creditors, to whom they had been distributed, never turned them over to the assignee, or submitted them to the jurisdiction of the county court. They were not at the date of the assignment, nor have they since been, a part of the estate of the insolvent debtor, within the meaning of the statute in relation to voluntary assignments.

We are of the opinion that the court below had jurisdiction, and that it should have proceeded with the hearing, and, after considering all the evidence adduced, have rendered a decree upon the merits, as upon the whole case they were made to appear.

It is insisted by counsel for the appellees that, as the certificate of evidence does not embody all the evidence heard *in extenso*, it will be presumed that no sufficient evidence was heard to warrant a decree for the complainants, and that the bill might properly have been dismissed for want of equity. Apart from the consideration that the presumption in respect to the sufficiency of the evidence heard, which obtains in support of a judgment at law, does not prevail in case of a decree in chancery, sufficient appears to show that evidence was introduced by the parties tending to support the allegations of their respective pleadings, but that the court, without proceeding with the hearing, or considering fully the evidence, dismissed the bill for want of jurisdiction. This is sufficient to present upon the record the error complained of, and to entitle the complainant to a reversal of the decree.

The decree being erroneous, it will be reversed and the cause remanded for further proceedings.

Decree reversed.